# Court of Appeals
# of the State of Georgia

ATLANTA,  June 09, 2026

*The Court of Appeals hereby passes the following order:*

## A26D0538. LAWANDA JACKSON WORLDS et al v. VICTORIA L. MCKENNEY et al.

On May 7, 2026, the Magistrate Court of Fulton County issued a consent judgment in a dispossessory action. On May 21, 2026, tenants Lawanda Jackson Worlds and Drexel Worlds filed this application for discretionary appeal from the magistrate court ruling.

"[T]he only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b)(1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-39(2) (886 SE2d 389) (2023) (citation and punctuation omitted). Under the Georgia Constitution, "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11(b). To the extent an application for discretionary appeal represents an attempt to appeal a magistrate order, this Court ordinarily transfers such applications to state or superior court.[1] Here, however, we decline to transfer this application for two reasons.

First, under OCGA § 44-7-56(b)(1), a notice of appeal in a dispossessory case "shall be filed with the clerk of the trial court within seven days after the date the judgment was entered in the trial court[.]" Because the Worldses filed this application

---

[1] Under OCGA § 5-3-4(a), state and superior courts have appellate jurisdiction over final judgments of lower judicatories.

for discretionary appeal 14 days after the trial court's order, they have failed to comply with a jurisdictional prerequisite to appeal a dispossessory ruling. See *Stubbs v. Local Homes*, LLC, 375 Ga. App. 513, 516 (915 SE2d 91) (2025).

Second, even if the Worldses' application had been timely, they waived their appellate rights by consenting to the underlying judgment. See *Hurt v. Norwest Mtg., Inc.*, 260 Ga. App. 651, 656(1)(c) (580 SE2d 580) (2003) ("[N]o litigant will be heard to complain of an order or judgment of the court which he procures or assists in procuring, unless it be made plainly to appear that the consent of the party seeking to complain was obtained by fraud or mistake.") (punctuation omitted).

For these reasons, this application for discretionary appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* __06/09/2026_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*